**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| **SHAKIMA WHISBY,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **CIVIL ACTION NO. 5:26-cv-75 (MTT)** |
| **FREUDENBERG TEXBOND L.P.,** | ) | |
| **Defendant.** | ) | |

**ORDER**

The terms of the Stipulated Protective Order, as modified by the Court below, are incorporated as the Order of this Court. To the extent the Stipulated Order conflicts with the Scheduling Order, the Court's Scheduling Order controls, and the parties shall comply with its directive for discovery disputes.

THE COURT ALERTS THE PARTIES THAT IT HAS ADDED A FINAL ADDENDUM TO THIS PROTECTIVE ORDER THAT WAS NOT INCLUDED IN THE STIPULATED ORDER SUBMITTED TO THE COURT.

IT IS HEREBY STIPULATED that:

Pursuant to Federal Rule of Civil Procedure 26(c), Plaintiff Shakima Whisby ("Plaintiff") and Defendant Freudenberg Texbond L.P. ("Defendant") (collectively referred to as the "parties"), jointly hereby agree to the following terms to govern the disclosure of confidential information in discovery, as well as protections afforded to privileged material, and request that the Court enter this Stipulated Protective Order ("Protective Order"), as follows:

1. Proceedings and Information Governed. This Protective Order shall govern any document, information, or other thing produced or adduced in discovery in this matter and includes, but is not limited to, answers to interrogatories, responses to requests for production of documents, deposition testimony and exhibits, third party information obtained by way of an authorization or subpoena, and all other writings or things produced, given, or filed in this action that are designated by a party or non-party as "Confidential Information" in accordance with the terms of this Order, as well as to any copies, excerpts, abstracts, analyses, summaries, descriptions, or other forms of recorded information containing, reflecting, or disclosing such information. This shall include any documents or information exchanged by the parties before the effective date of this Order and designated by a party or non-party as "Confidential Information" in anticipation of this Order.

2. Designation and Maintenance of Information.

(a) For purposes of this Protective Order, the "Confidential Information" designation shall mean that the information is comprised of (i) sensitive personal information, including, but not limited to, Social Security numbers and other personal identifiers, financial information, credit or background check information, or health information, of any party or non-party, including Defendant's customers, which is not publicly known or available; (ii) employment records of Defendant's current or former employees other than Plaintiff; (iii) trade secret, proprietary, or commercial information of any party or non-party, which is not publicly known or available; or (iv) other information required by law or agreement to be kept confidential.

(b) Information may be designated as “Confidential Information” in the following manner: (i) documents may be designated by the producing party by conspicuously placing the word “CONFIDENTIAL” in the margin of each page of the document, or otherwise placed so as not to obscure the text; (ii) electronic documents produced in native format (e.g., Excel) may be designated by including the word “CONFIDENTIAL” in all caps in the file name along with the document’s Bates number; (iii) information disclosed in a deposition may be designated by requesting, at the time of the deposition, that the court reporter designate the transcript or any portion thereof as “CONFIDENTIAL,” or after the deposition by written request to all parties and the court reporter, made within fourteen (14) calendar days after the transcript is available to the parties. In the case of timely written designation after a deposition, each party and the court reporter shall attach a copy of the designation notice to the transcript, and the portions designated in such notice shall thereafter be treated in accordance with this Protective Order.

(c) It is the responsibility of counsel for each party to maintain materials containing Confidential Information in a secure manner and appropriately identified so as to allow access to such information only to such persons and under such terms as is permitted under this Protective Order.

(d) Challenging Information Designated as Confidential. In the event a party disagrees with the designation of Confidential Information by the other party, the parties shall try first to resolve such dispute in good faith before seeking intervention of the Court. If it is necessary to present the dispute to the Court for resolution, a designation of confidentiality may be challenged upon motion. The burden of proving the confidentiality

of designated information remains with the party asserting such confidentiality. The provisions of Fed. R. Civ. P. 37(a)(5) apply to such motions. Unless and until the Court shall issue a final ruling on any disputed Confidential Information designation, the material in question shall continue to be treated by all parties as Confidential Information.

3. Failure to Designate. The failure to designate information as Confidential Information at the time of disclosure will not be deemed to waive a later claim as to its confidential nature, or to stop the producing party from designating such information as confidential at a later date in writing and with particularity. The information shall be treated by the receiving party as confidential from the time the receiving party is notified in writing of the change in the designation.

4. Disclosure and Use of Confidential Information. Information designated as Confidential Information may be used only for purposes of this litigation. Confidential Information may be disclosed only to the following individuals, provided that such individuals are informed of the terms of this Protective Order: (a) the parties; (b) counsel for the parties, including their support personnel and outside vendors who require access to the information in the ordinary course and scope of their duties; (c) for a corporate party, any current or former employee of the party who is requested or required to provide information, testimony, or assistance in the conduct of this litigation, including any settlement discussions; (d) experts consulted or retained by any party; (e) a party's insurance company, including its agents and representatives, for purposes of providing defense and/or indemnification under an applicable insurance agreement; (f) any mediators or other alternative dispute resolution ("ADR") providers engaged by the parties for the purposes of settlement; and (g) the Court and its personnel. Counsel shall be

responsible for the compliance with this Protective Order of their clients, support personnel, and outside vendors, as more fully described in subsections (a), (b), and (c) of this paragraph. Before disclosing Confidential Information to any former employee of a corporate party under subsection (c) of this paragraph, or to any expert under subsection (d) of this paragraph, counsel shall provide a copy of this Protective Order to the individual and require that the individual execute a written acknowledgement and agreement to be bound by the terms of this Protective Order in the form attached hereto as **Exhibit A**, a copy of which shall be provided to any counsel of record upon request.

Any document, material, or other information designated as entitled to protection under this order, which is submitted to the Court in support of a pleading or motion, or introduced at a hearing, trial, or other proceeding in this action, may continue as protected material only by order of the Court in accordance with these procedures. If information entitled to protection under this order is submitted to the Court in support of a pleading or motion, such information shall maintain its protected status for ten (10) days. During this ten-day period, the party who designated the information as protected may move the Court to continue the protected status of the information by filing a motion for continued protection. The moving party shall indicate whether the motion is opposed. If the motion is opposed, the opposing party shall have five (5) days from the date that the original motion is filed to file a response.

A party who seeks to introduce protected information at a hearing, trial, or other proceeding shall advise the Court at the time of introduction that the information sought to be introduced is protected. If the party who designated the information as protected

requests the protection be continued, the Court will conduct an in camera review of the information to determine if the information is entitled to continued protection.

5. Non-Party Information. A copy of this Protective Order shall be provided to any non-party that is served with a subpoena for documents, tangible things, or testimony in this action who may reasonably be expected to desire confidential treatment for such documents, tangible things, or testimony. Any such person may designate documents, tangible things, or testimony as Confidential Information pursuant to this Protective Order. Nothing in this paragraph shall prejudice the right of any party to designate non-party information as Confidential Information in accordance with paragraphs 1 and 2 of this Protective Order.

6. Filing Documents with the Court. Before filing any Confidential Information with the Court, counsel for the filing party shall meet and confer with counsel for the party who produced the Confidential Information about redactions or other safeguards that may protect the confidentiality of the information, and shall otherwise follow the procedures prescribed by Local Rule 5.4 of the Middle District of Georgia. Nothing in this Order shall be construed to affect the use of any document, material, or information at trial, provided that the party seeking to introduce Confidential Information shall first confer with the producing party as described in this paragraph. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial. At the conclusion of the litigation, all material treated as confidential under this Order and not received in evidence shall be returned to the originating party. If the parties so stipulate, the material may be destroyed instead of being returned. The Clerk of the Court

may return to counsel for the parties, or destroy, any sealed material at the end of the litigation, including any appeals.

7. No Prejudice. Producing or receiving Confidential Information, or otherwise complying with the terms of this Protective Order, shall not prejudice the rights of a party to object to the production of information that the party does not consider to be within the scope of discovery, to object to the admissibility of such information, to seek a determination by the Court that particular information be produced, to move the Court for further protective order(s) as to particular information, or to agree in writing to alter or waive the requirements of this Protective Order as to any particular information.

8. Clawback of Privileged Materials. A party's production of a document or information protected by privilege shall not operate as a waiver of privilege or protection from discovery in this or any other legal proceeding, regardless of inadvertence. Once a party becomes aware that it has produced or received documents that are or appear to be privileged, that party shall promptly notify the other party of the disclosure. Promptly upon such notification, the producing party may designate the documents or information as privileged, stating the grounds upon which privilege is asserted, and request the return of documents or information that should have been withheld. Upon receipt of such a request, the receiving party shall promptly segregate, collect, and return the documents, including all copies, summaries, and excerpts thereof, except that the documents may be destroyed upon the producing party's consent. Should the parties disagree about whether the information is privileged, they shall meet and confer in an attempt to resolve the dispute. If the parties are unable to resolve the dispute, the party seeking to challenge the claim of privilege shall file a motion with the Court to compel production of the

documents or information. The documents or information in dispute shall remain sequestered and shall not be used or disclosed by the receiving party for any purpose until the Court rules on the motion or the parties agree otherwise.

Nothing herein shall be deemed to waive or limit any applicable privilege or to affect the ability of a party to seek relief for the disclosure of information protected by privilege regardless of the steps taken to prevent disclosure. If a party produces information that it later discovers, or in good faith later asserts, to be privileged or otherwise protected from disclosure, the production of that information will not be presumed to constitute a waiver of any applicable privileges and the party receiving the information may not argue that the producing party failed to take reasonable steps to prevent production of the privileged materials in support of an argument that any privilege has been waived.

9. Conclusion of Litigation. The terms of this Protective Order shall survive the conclusion of this action.

10. Enforcement; Remedies. The parties shall comply with all applicable rules of the Court with respect to any disputes that arise under the terms of this Protective Order. This Protective Order shall be enforced by the sanctions set forth in Fed. R. Civ. P. 37 and such other sanctions as may be available to the Court, including the power to hold parties or other violators of this Protective Order in contempt. All other remedies available to any person(s) injured by a violation of this Protective Order are fully reserved.

11. Effective Date. This Protective Order shall bind the parties, and shall be effective immediately upon execution by each party's counsel of record.

AGREED this 18th day of September, 2026.

Jointly agreed to by:

/s/ *Jesse Kelly*
Jesse Kelly
Georgia Bar No. 935869
Jesse Kelly PC
3355 Lenox Road
Suite 10000
T: (678) 460-6801
E: jesse@jkellypc.com

*Counsel for Plaintiff*

/s/ *Christina F. Meddin*
Christina F. Meddin
GA Bar No. 135969
cmeddin@seyfarth.com
Olivia S. Williams
GA Bar No. 804380
owilliams@seyfarth.com
SEYFARTH SHAW LLP
1075 Peachtree Street, N.E.
Suite 2500
Atlanta, GA 30309-3962
Telephone: (404) 885-1500
Facsimile: (404) 892-7056

*Counsel for Defendant*

ADDED BY THE COURT: The Court finds that good cause exists for the entry of this Order with the following condition. Notwithstanding anything to the contrary in the foregoing order, the Court finds that it shall not apply to exclude evidence from public disclosure when that evidence is relied upon in support of or opposition to any motion or relevant in any hearing or trial.

If a party seeks to rely upon any evidence covered by this protective order in support of or in opposition to any motion or during any hearing or trial, that party shall notify the opposing party at least 14 days prior to filing the motion and/or 14 days prior to the hearing or trial. The party opposing public disclosure shall have 7 days to file a motion to require the materials to be filed restricted to case participants. The motion shall: (1) briefly state a compelling reason in support of the request to file the information restricted to case participants; (2) certify that the party has conferred with opposing counsel; (3) identify the number of documents that the party anticipates will need to be filed restricted to case participants; and (4) describe the information that will be redacted.

The Court will closely scrutinize any such requests at that time, with the presumption that any evidence shall be part of the public record. Accordingly, when materials are to be used in the foregoing manner, a party will not be allowed to file the materials restricted to case participants simply because they are covered by this discovery protective order. If it becomes necessary to reference designated-confidential materials in an order, the Court will reassess whether the materials shall remain confidential.

If the Court grants the motion to file the materials restricted to case participants, the party relying on the evidence covered by this protective order shall do the following:

First, the party will file the redacted documents on the public docket. For example, if a party is relying on protected information in support of a motion for summary judgment, the party will file the memorandum in support of the motion and *all* exhibits *in one docket entry* with redactions where appropriate. It is not appropriate to redact an entire document or file a “placeholder” (i.e., a document that simply directs a reader to a restricted document). It is not appropriate to have separate docket entries for motions and exhibits.

Second, the party will file a “copy” or “mirror image” of the entire first filing without redactions as restricted to case participants. For example, if a party is relying on protected information in support of a motion for summary judgment, the party will re-file the memorandum in support of the motion and re-file *all* exhibits (even exhibits that were not redacted) *in one docket entry* without redactions. It is not appropriate to have separate docket entries for motions and exhibits. **The exhibit numbers and CM/ECF page numbers of the second filing should match the exhibit numbers and CM/ECF page numbers of the first filing.** The party should identify the redacted information using a red box. The party must complete this second filing the same day as the first filing.

If the response (and reply) to a motion filed restricted to case participants also refers to protected information, the party will file the response (and reply) as follows:

First, the party will file their response and any exhibits *in one docket entry* and *with redactions* on the public docket. It is not appropriate to redact an entire document

or file a placeholder. It is not appropriate to have separate docket entries for responses and exhibits.

Second, the party will file their response and any exhibits *in one docket entry* and *without redactions* as restricted to case participants. It is not appropriate to have separate docket entries for motions and exhibits. **The exhibit numbers and CM/ECF page numbers of the second filing should match the exhibit numbers and CM/ECF page numbers of the first filing.** The party should identify the redacted information using a red box. The party must complete this second filing the same day as the first filing.

To file documents restricted to case participants, the party will select "restricted document – pursuant to protective order ONLY" under Other Documents in CM/ECF. The party will follow all of the prompts, including attaching the requested documents. The party will link the restricted filing to the public filing. Before submitting the entry, please review the text box to ensure the name description and document links are correct. If the party has questions regarding filing these restricted documents, the party will contact Kim Tavalero, Courtroom Deputy, at 478.752.0717 or kim_tavalero@gamd.uscourts.gov.

**SO ORDERED**, this 21st day of September, 2026.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT